# Supreme Court of the Navajo Nation

---

**Thomas S. Joe, Appellant,**
v.
**John T. Atkins, et al., Appellees.**
**Decided March 17, 1988**

---

## OPINION

Before BLUEHOUSE, Acting Chief Justice, AUSTIN and BRADLEY (sitting by designation), Associate Justices.

J. Tonny Bowman, Esq., Tohatchi, New Mexico, for the Appellant.

Opinion delivered by AUSTIN, Associate Justice.

The Appellant, Thomas S. Joe, appeals the order of the Shiprock District Court, which dismissed his suit for lack of jurisdiction. The notice of appeal alleges that the final order was entered by the Honorable Judge Hilt, District Judge, on January 25, 1988.

On February 24, 1988, the Appellant filed a notice of appeal and paid the required filing fee. However, the Appellant failed to attach a certified copy of the Shiprock District Court's final order to the notice of appeal.

Our preliminary review of the appeal reveals that the jurisdictional requirements for originating an appeal have not been met. We have no choice, but to dismiss the appeal for lack of jurisdiction.

Rule 7, NRCAP, (effective March 1, 1987), sets forth the requirements for filing a notice of appeal and for originating an appeal. Rule 7(a), NRCAP, states that:

> All appeals shall originate by filing a written Notice of Appeal with the Clerk of the Supreme Court. A certified copy of the judgment, order, or administrative decision being appealed, signed by the judge or hearing officer and dated, *must be attached* to the Notice of Appeal, and the filing fee must be paid at the time of filing. (emphasis ours).

Rule 7(b), NRCAP, further states that: "The Clerk shall not accept any appeal for filing and *no appeal shall be considered filed* until the filing fee has been paid and *a copy of the final judgment has been attached.*" (emphasis ours).

The requirements of Rule 7(a) and Rule 7(b), NRCAP, are jurisdictional, along with the requirement that all appeals must be timely filed. See Rule 8, NRCAP; *Riverview Service Station v. Eddie*, 5 Nav. R. 135 (1987); *Navajo Tribe of*

*Indians v. Yellowhorse*, 5 Nav. R. 133 (1987).

The rule is plain that a notice of appeal that is filed without an attached certified copy of the final district court judgment or order will be dismissed. *Tome v. Navajo Nation*, 5 Nav. R. 14 (1984); *See also Poyer v. Navajo Nation*, 3 Nav. R. 26 (1980); *Denetclaw v. Thompson*, 3 Nav. R. 18 (1980). Because the Appellant failed to attach a final order of the district court to the notice of appeal, the appeal is dismissed for lack of jurisdiction.

The responsibility for compliance with the appellate rules on originating an appeal rests with the Appellant. The final judgment or order of the district court is an essential requirement for originating an appeal. *See Tome v. Navajo Nation*, 5 Nav. R. at 15.

The final order will contain the district judge's signature, and the date the order was entered. These, the Court must know to determine whether the appeal was filed on time. The final order will also be reviewed to determine whether a final decision has been entered by the district court. This, the Court must know, because interlocutory appeals are not allowed within the Navajo Nation. *McClellan v. McClellan*, 5 Nav. R. 204 (1987). Compliance with the rules for originating an appeal is important, because they govern the process by which the Court operates efficiently, and thereby reduces the costs and burdens to the parties.

This appeal is dismissed for lack of jurisdiction.